IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JESUS M. SILVA,**

    Petitioner,               CASE NO. 2:11-CV-671
                                   JUDGE GEORGE C. SMITH
    v.                           MAGISTRATE JUDGE E.A. PRESTON DEAVERS

**ROBIN KNAB, WARDEN,**

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant Petition, Respondent's *Motion to Dismiss*, Petitioner's *Response*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

Petitioner challenges his November 2, 2007 convictions made pursuant to his guilty plea in the Franklin County Court of Common Pleas on two counts of trafficking in cocaine and one count of engaging in a pattern of corrupt activity. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Silva was born in Sonora, Mexico in 1958. According to a sentencing memorandum filed on his behalf, he became a resident of the United States in 1979. He had been a resident of this country for approximately 28 years when he entered his guilty pleas. He was offered the opportunity to talk to a representative of the Mexican government at the time his guilty pleas were entered.
>
> When asked during the plea proceedings if he was able to read, write and understand the English language, he responded: "I understand. I can read, but not 100 percent." (Tr. at 9.) The judge who accepted

the pleas offered to review anything Silva did not understand or any words which were unfamiliar.

Prior to this part of the colloquy between Silva and the judge, the assistant prosecuting attorney handling the case stated in open court that each count carried a maximum of ten years in prison and the two trafficking charges each carried a mandatory period of incarceration of three-to-ten years.

The plea form signed by Silva and by his retained counsel included provisions which indicated that each of the trafficking charges included a mandatory prison terms of three-to-ten years.

The trial judge who conducted the plea proceedings did not independently repeat the statements. However, given the statement in open court that two of the sentences were mandatory and the content of the written guilty plea form, we have no basis for finding that Silva was unaware that the sentences involved mandatory incarceration of three-to-ten years for each of the trafficking offenses.

The trial judge who conducted the pleas carefully complied with the remaining requirements of Crim.R. 11.

The Supreme Court of Ohio requires only substantial compliance with Crim.R. 11(C)(2). *See State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. The trial judge immediately after addressing the maximum penalties asked Silva if he had any questions for the judge. Silva replied, "No, your Honor." (Tr. at 13.)

Next the trial judge offered Silva the opportunity to talk to his lawyer, after which the judge asked: "Do you have any questions at all?" Silva replied again, "No, your Honor." (Tr. at 14.)

Before the colloquy between Silva and the trial judge, an investigating narcotics agent had given an extended narrative about the criminal investigation of the cocaine trafficking in which Silva was involved. The investigation revealed the seizure of $1,000,000 in cash and 25 kilograms of cocaine. Under the circumstances, Silva could not conceivably have believed that he would receive community control or incarceration at a community based correctional facility. The pleas entered capped that sentence at 30 years. The prosecuting attorney's office argued for a sentence of 25 years. The trial judge eventually handed down a sentence of 20 years of incarceration.

*State v. Silva,* No. 07AP-986, 2009 WL 388235, at *1-2 (Ohio App. 10th Dist. Feb. 17, 2009).

Petitioner filed a timely appeal.

> Silva filed his own appellate brief in which he sets forth the following assignment of error:
>
>> A guilty plea must be reversed if under the totality of the circumstances the defendant did not subjectively understand the implications of his plea and the waiving of his rights.
>
> Subsequently, legal counsel filed a supplemental brief on behalf of Silva and submitted the following assignment of error in addition:
>
>> The trial court failed to substantially comply with the requirements of Criminal Rule 11 by not informing appellant that his sentences would be mandatory.

*Id*. at *1. On February 17, 2009, the appellate court affirmed the trial court's judgment. *Id*. According to Petitioner, on March 17, 2009, the appellate court denied Petitioner's motion for reconsideration. On June 17, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Silva*, 122 Ohio St.3d 1412 (2009). Petitioner filed a motion for leave to again appeal in the state appellate court, which motion was denied on March 16, 2010. *Exhibits 36, 37 to Motion to Dismiss*. On March 29, 2010, Petitioner moved for reconsideration of the March 16, 2010, decision. *Exhibit 38 to Motion to Dismiss*. On April 22, 2010, the appellate court denied Petitioner's motion. *Exhibit 40 to Motion to Dismiss*. On August 25, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *Exhibit 44 to Motion to Dismiss*.

On July 26, 2011, Petitioner filed the instant *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He signed the Petition on July 16, 2011. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

3

>    1.   A court's failure to address the core concerns underlying Crim. R. 11, understanding of the sentencing, violates the Due Process requirements of voluntariness guaranteed by the Fourteenth Amendment to the United States Constitution.
>
>    2.   A court's failure to address its statutory mandated duty to review a sentence that is contrary to law and is void, violates the Due Process requirement guaranteed by the Fourteenth Amendment to the United States Constitution.

Respondent contends that Petitioner's claims are time-barred.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's judgment became final on September 15, 2009, *i.e.,* ninety days after the Ohio Supreme Court's June 17, 2009 dismissal of Petitioner's direct appeal, when the time to file a petition for a writ of *certiorari* to the United States Supreme Court expired. The issue of whether Petitioner's habeas corpus petition is timely, therefore, turns on whether any of his subsequent filings, all of which relate to his February 17, 2010 motion for a delayed or a second appeal, tolled the running of the statute of limitations. If they do not, the statute of limitations expired on September 15, 2010. Petitioner waited until July 16, 2011 to execute his habeas corpus petition.

Under 28 U.S.C. 2244(d)(2), a state collateral action is properly filed within the meaning "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An untimely state post conviction or collateral action does not toll the running of the statute of limitations. *Pace v. DiGuglielmo*, 531 U.S. 408, 417 ("time limits, no matter their form, are 'filing conditions'"). That said, the state courts may reject a state collateral or post conviction action on a "substantive basis," such as procedural default, and the action nonetheless will be considered "properly filed" within the meaning of § 2244(d)(2) so as to toll the running of the statute of limitations. *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012)(citing *Artuz v. Bennett*, 531 U.S. at 10-11).

Here, the state appellate court rejected Petitioner's February 17, 2010 motion for leave to appeal, stating that his earlier appeal and the sentencing issues he was attempting to raise in the

5

requested second appeal were barred from further appellate review under the technical phrase of *res judicata*, and could not be raised in a new appeal. *See Exhibit 37 to Return of Writ*. The state appellate court denied Petitioner's subsequent motion for reconsideration of that decision as untimely. *Exhibit 40 to Return of Writ*. The Ohio Supreme Court thereafter summarily dismissed Petitioner's appeal as not involving any substantial constitutional question. *Exhibit 44 to Return of Writ*.

Petitioner's untimely motion for reconsideration did not toll the running of the statute of limitations. Assuming that Petitioner's motion for a second appeal constitutes a collateral or post conviction petition, nonetheless, this Court cannot conclude that it tolled the running of the statute of limitations under § 2244(d)(2). Ohio permits only one appeal as of right. Petitioner's motion was barred under Ohio law. The Supreme Court similarly reasoned in *Pace v. DiGuglielmo* that "a petition that cannot even be initiated or considered . . . is not 'properly filed' " under § 2244(d)(2). 544 U.S. at 417; *see also Williams v. Birkett*, 670 F.3d at 733 (citing *Pace*)(successive motion for relief from judgment not properly filed under § 2244(d)(2)). Further, Petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2562 (2010)(the statute of limitations may be equitably tolled under extraordinary circumstances).

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. No 7, be **GRANTED** and this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                          *s/ Elizabeth A. Preston Deavers*
                                          **Elizabeth A. Preston Deavers**
                                          **United States Magistrate Judge**

**Date: April 24, 2012**